Lisel M. Ferguson (Bar No.207637)
lisel.ferguson@procopio.com
Tiffany Salayer (Bar No. 226189)
tiffany.salayer@procopio.com
Procopio, Cory, Hargreaves and Savitch LLP
525 B Street, Suite 2200
San Diego, CA  92101
Telephone: 619.238.1900
Facsimile: 619.235.0398

*Attorneys for Plaintiff,*
ERIC HANSCOM

# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Eric Hanscom,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Federal Aviation Administration,<br><br>　　　　Defendant. | Case No.: '23CV1550 JO   MSB<br><br>**COMPLAINT FOR:**<br><br>**(1) TRADEMARK INFRINGEMENT 15 U.S.C. § 1114;**<br>**(2) FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION UNDER THE LANHAM ACT 15 U.S.C. § 1125(A); AND**<br>**(3) INJUNCTIVE RELIEF UNDER THE LANHAM ACT 15 U.S.C. § 1116**<br><br>**(DEMAND FOR JURY TRIAL)** |

Plaintiff Eric Hanscom ("Plaintiff") hereby alleges as follows:

## JURISDICTION AND VENUE

1. This is a Complaint for (i) Trademark Infringement 15 U.S.C. § 1114; (ii) False Designation of Origin and Unfair Competition under the Lanham Act 15 U.S.C. § 1125(A); and (iii) Injunctive Relief under the Lanham Act 15 U.S.C. § 1116.

2. This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121(a), and 28 U.S.C. §§ 1331, 1332, 1338(a) and (b).

COMPLAINT

Case No.:

3. The Court has personal jurisdiction over Defendant because Defendant has purposely availed itself of the opportunity to conduct commercial activities in this Judicial District and by commission of the infringing and other tortious conduct underlying Plaintiff's claims, directed into this Judicial District.

4. Venue in this action properly lies in the Southern District of California, under 28 U.S.C. § 1391, because a substantial portion of the events or omissions giving rise to the claims and damages asserted herein occurred in this District.  Furthermore, Defendants are conducting business in this Judicial District and San Diego County and are subject to the Court's personal jurisdiction with respect to this civil action.

## PARTIES

5. Plaintiff Eric Hanscom is an individual residing in California and within the County of San Diego.

6. Plaintiff is informed and believes, and based thereon alleges, that Defendant Federal Aviation Administration ("FAA" and/or "Defendant") is a federal agency of the United States Government with a primary place of business at: 800 Independence Avenue, SW, Washington, DC 20591.

7. Defendant is subject to the jurisdiction of this Court by virtue of its substantial contacts with California, including participation in the acts and events occurring within this District as described herein.

## ALLEGATIONS FOR ALL CLAIMS FOR RELIEF
## PLAINTIFF'S "DRONE ZONE" BUSINESS AND TRADEMARKS

8. For nearly a decade, Plaintiff has been in the business of providing products and services related to unmanned aerial vehicles, including but not limited to, aerial photography and videography, t-shirts, signs, tie clips, interactive aircraft, piloting, sky law, webinars, clinics, and taught a number of courses on flying unmanned aerial vehicles.

9. Plaintiff owns multiple United States Trademark Registrations related to

2
COMPLAINT

Case No.:

its "DRONE ZONE" brand of products and services ("Trademarks"). A list of Plaintiff's relevant Trademarks are as follows and a copy of each registration is attached hereto as Exhibit A.

| United States Trademark Registration Number | Mark | Registration Date | First Use In Commerce |
|---|---|---|---|
| 4729250 | DRONE ZONE | April 28, 2015 | August 1, 2014 |
| 4819640 | DRONE ZONE | September 22, 2015 | August 5, 2015 |
| 4821380 | [DRONE ZONE logo] | September 29, 2015 | August 1, 2014 |
| 4870770 | DRONE ZONE | December 15, 2015 | May 17, 2015 |
| 4870180 | DRONE ZONE | December 15, 2015 | April 23, 2015 |
| 4870659 | DRONE ZONE | December 15, 2015 | May 11, 2015 |
| 4870178 | DRONE ZONE | December 15, 2015 | April 23, 2015 |
| 4970356 | DRONE ZONE | May 31, 2016 | February 27, 2016 |
| 7016319 | [DRONE ZONE globe logo] | April 4, 2023 | February 11, 2023 |

10. Since 2014, Plaintiff has continuously utilized these Trademarks in relation to his speaking engagements, aerial photography and videography, piloting, unmanned aerial vehicles, sky law as it applies to unmanned aerial vehicles, webinars, conducted clinics, and taught a number of courses on flying, including a course for the FAA.

11. Plaintiff has also continuously utilized these Trademarks in relation to

3

COMPLAINT

Case No.:

PERSONAL-2240/7111787.1

commercial sale of t-shirts, signs, tie clips, interactive aircraft, and other merchandise on his website.

12. In February 2014, Plaintiff created his Drone Zone Facebook page at https://www.facebook.com/dronezoneclub. Plaintiff displays his Trademarks, photography and videography, along with unmanned aerial vehicle news and articles on his Facebook page. Plaintiff currently has 4,400 followers and likes.

13. Since June 2014, Plaintiff has registered and maintained the website at https://dronezone.club (hereinafter the "Website"). Plaintiff conducts Plaintiff's business through the Website. The Website clearly displays Plaintiff's Trademarks.

14. In June 2014, Plaintiff registered for YouTube under the name @dronelaw. See https://www.youtube.com/channel/UC80eH7uhIVOXPbZ6zd8-kXA. Plaintiff clearly displays Plaintiff's Trademarks on his YouTube channel. Plaintiff currently has over 3,000 subscribers, 519 videos, and 863,639 views.

15. In August 2014, Plaintiff registered for Twitter. See https://twitter.com/dronezoneclub?s=11&t=cfBjKNjO2SqNKs52gpEUNg. Plaintiff's Twitter page promotes his sky law and aerial photography using his Trademarks.

16. Throughout the United States, Plaintiff has promoted himself under his Trademarks as a provider of premium quality products and services related to unmanned aerial vehicles. These promotions were made through speaking engagements, trade shows, advertising, and marketing.

17. The consuming public associates the Trademarks and all similar marks with Plaintiff and his products and services.

18. Plaintiff's continued and uninterrupted use of its brand and Trademarks has caused Plaintiff's brand and Trademarks to be associated with his high quality products and services. Further, Plaintiff's continued use of his brand and Trademarks in conjunction with his goods and services has created a high business reputation and

4

COMPLAINT

Case No.:

established considerable goodwill in the industry for providing high quality products and service.

19. Plaintiff has spent a significant amount of time, effort, and resources in developing his DRONE ZONE and related Trademarks.

## DEFENDANT'S INFRINGEMENT AND UNLAWFUL USE OF PLAINTIFF'S BRAND AND TRADEMARKS

20. Plaintiff is informed and believes, and on that basis alleges, that Defendant is engaged in the registering unmanned aerial vehicles and educating the public regarding same.

21. Plaintiff is informed and believes, and on that basis alleges, that Defendant operates the website (https://faadronezone-access.faa.gov) advertising its services to customers nationwide. A copy of Defendant's website is attached hereto as Exhibit B.

22. Defendant's FAADRONEZONE Website offers education, laws, and registration of unmanned aerial vehicles.

23. Plaintiff is informed and believes, and on that basis alleges, that Defendant operates the Facebook group (FAA DroneZone/LAANC Discussions Group) and page (https://www.facebook.com/FAADroneZone?mibextid=LQQJ4d) advertising its services to customers nationwide. A copy of Defendant's Facebook page is attached hereto as Exhibit C.

24. Plaintiff is informed and believes, and on that basis alleges, that Defendant operates the Twitter page (https://twitter.com/faadronezone?s=11&t=cfBjKNjO2SqNKs52gpEUNg) that promotes its services nationwide. A copy of Defendant's Twitter page is attached hereto as Exhibit D.

25. In all of the above mentioned websites and social media, Defendant uses the words FAADroneZone and/or FAA DroneZone.

26. Defendant has blatantly copied Plaintiff's Trademarks.

27. On or about June 16, 2020, Plaintiff taught a course on safe and legal locations for flying drones in San Diego and Imperial Counties for the FAA.

28. On May 18, 2022, Plaintiff was watching a presentation by Defendant and the speaker was going on and on about how great the "FAA Drone Zone" was in the presentation.

29. On May 24, 2022, Plaintiff sent Defendant a letter informing Defendant of its infringement.

30. Defendant acknowledged receipt of the letter but did not respond substantively. Therefore, on September 27, 2022 Plaintiff wrote Defendant again and notified Defendant of additional infringements using DRONING ON AND ON.

31. Finally, in February 2023, Defendant responded substantively to Plaintiff claiming there is no infringement because Defendant added FAA in front of DRONE ZONE.

32. If Defendant's use of Plaintiff's Trademarks and other confusingly similar word marks on its website, in its business, in advertising, and through third party websites such as Facebook and Twitter continue Plaintiff will be irreparably harmed.

**FIRST CLAIM FOR RELIEF**

**(Trademark Infringement: 15 U.S.C. § 1114)**

33. Plaintiff hereby repeats, realleges and incorporates by reference Paragraphs 1 through 32 of this Complaint as if fully set forth herein.

34. Plaintiff is the owner of multiple United States Trademark Registrations for DRONE ZONE, Registration Nos. 4729250, 4819640, 4821380, 4870770, 4870180, 4870659, 4870178, 4970356 and 7016319 ("Trademarks").

35. Plaintiff owns eight incontestable federal trademark registration for DRONE ZONE. See Registration Nos. 4729250, 4819640, 4821380, 4870770,

4870180, 4870659, 4870178, and 4970356.

36. Plaintiff has used the DRONE ZONE trademark in commerce continuously and exclusively since at least as early as 2014.

37. Plaintiff never abandoned or discontinued his use of DRONE ZONE in connection with his goods and services.

38. Plaintiff has priority over Defendant, who began use of FAADRONEZONE at least four years after Plaintiff began using DRONE ZONE.

39. The actions of Defendant described herein constitute infringement of the Plaintiff's Trademarks in violation of 15 U.S.C. § 1114.

40. Defendant has used in commerce, without the permission or consent of Plaintiff, the term "FAADRONEZONE" and/or FAA DroneZone which is nearly identical to Plaintiff's Trademarks.

41. Plaintiff is informed and believes, and on that basis alleges, that Defendant had actual knowledge of Plaintiff's ownership and use in commerce of Plaintiff's Trademarks and, without the permission or consent of Plaintiff, has willfully and intentionally violated 15 U.S.C. § 1114.

42. Both Parties use the mark DRONE ZONE in connection with services, including flight instruction. In fact, Plaintiff previously provided this service for Defendant.

43. Defendant offers its services under Plaintiff's Trademarks in the same channels of trade as Plaintiff offers his goods and services.

44. Defendant's use of Plaintiff's Trademarks is likely to cause confusion, mistake or deception as to the affiliation, connection or association of Plaintiff with Defendants in violation of 15 U.S.C § 1114.

45. As a direct and proximate result of Defendant's unauthorized use of the Plaintiff's Trademarks, Defendant's actions have caused and will continue to cause irreparable harm to Plaintiff and to the public, who is confused by Defendant's

7
COMPLAINT

Case No.:

unauthorized use of the Plaintiff's Trademarks, and unless restrained and enjoined by this Court Defendant will continue to harm Plaintiff. Plaintiff has no adequate remedy at law to prevent Defendant from continuing its infringing actions and from injuring Plaintiff.

46. Plaintiff is also entitled to all other remedies available under the law, including, but not limited to, compensatory damages; disgorgement of profits; and costs and attorneys' fees.

47. The damages sustained by Plaintiff as a result of the conduct alleged herein should be trebled in accordance with 15 U.S.C. § 1117(b).

## SECOND CLAIM FOR RELIEF
### (Unfair Competition Under Lanham Act: 15 U.S.C. § 1125(a))

48. Plaintiff hereby repeats, realleges and incorporates by reference Paragraphs 1 through 47 of this Complaint as if fully set forth herein.

49. Plaintiff has provided high quality products and services to consumers, including but not limited to, speaking engagements, aerial photography and videography, piloting, unmanned aerial vehicles, sky law as it applies to unmanned aerial vehicles, webinars, conducted clinics, and taught a number of courses on flying under his DRONE ZONE brand since 2014.

50. Defendant offers its services under FAADRONEZONE in the same channels of trade as Plaintiff offers his goods and services.

51. Defendant's FAADRONEZONE is nearly identical to Plaintiff's Trademarks.

52. Defendant and Plaintiff both offer services related to unmanned aerial vehicles, including but not limited to information on drones and flight instruction.

53. Furthermore, Defendant's use of Plaintiff's Trademarks dilutes Plaintiff's brand which is used in connection with additional products and services, including but not limited to photography and videography.

8
COMPLAINT

Case No.:

54. Given the foregoing, consumers would recognize Defendant's FAADRONEZONE and/or FAA DroneZone names as the same, or a close approximation of, a name or identity used by Plaintiff.

55. Defendant provides similar services in the same manner using the Plaintiff's Trademarks in its business, advertising, and website. The services provided by Defendant under Plaintiff's Trademarks will confuse and deceive the public as to the origin, association, and sponsorship of Defendant's services, i.e., thinking that the services provided by Defendant are Plaintiff's services, or that there is some connection or affiliation between Plaintiff and Defendant.

56. Defendant's use in commerce of DRONE ZONE with knowledge that Plaintiff owns, has used, and continues to use, the Trademarks constitutes intentional conduct by Defendant to make false designations of origin and false descriptions about its services.

57. Plaintiff is informed and believes, and that basis alleges, that Defendant had actual knowledge of Plaintiff's ownership and prior use of its Trademarks and brand, and without the permission or consent of Plaintiff, Defendant has willfully violated 15 U.S.C. §1125(a).

58. As a result of Defendant's acts, Plaintiff will continue to suffer harm, including monetary loss and irreparable injury. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff will be damaged, and is thus entitled to relief in an amount to be determined according to proof at the time of trial.

## THIRD CLAIM FOR RELIEF

**(Injunctive Relief Under Lanham Act: 15 U.S.C. § 1116)**

59. Plaintiff hereby repeats, realleges and incorporates by reference Paragraphs 1 through 58 of this Complaint as if fully set forth herein.

60. Plaintiff is informed and believes, and based thereon alleges, that Defendant knowingly and willfully copied and is using Plaintiff's Trademarks in its

advertising and websites. Plaintiff is further informed and believes, and based thereon alleges, that Defendant copied Plaintiff's Trademarks for the specific purposes of infringing upon and falsely designating its services with Plaintiff. Additionally, Plaintiff believes that Defendant is representing that it is associated with, sponsored by, approved by and/or condoned by Plaintiff.

61. Unless enjoined by this Court, Defendant will continue its course of conduct, wrongfully advertising, using, infringing upon, and otherwise profiting from Plaintiff's Trademarks. As a direct and proximate result of the acts of Defendant, Plaintiff will suffer irreparable damage and will sustain lost profits. Plaintiff will lose the benefit of the advertising and goodwill for which Plaintiff has expended large sums of money, time and effort promoting during the past nine years, and Plaintiff will also lose large sums of money in diverted business.

62. Plaintiff has no adequate remedy at law to address all of the injuries Defendant has caused, and intends to cause, by its conduct. Plaintiff will suffer irreparable damage and sustain loss of profits until Defendant's actions alleged herein are enjoined by this Court.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays for relief as follows:

1. That Defendant be adjudged to have infringed Plaintiff's Trademarks in violation of federal law;

2. An order instructing Defendant to abandon its FAADRONEZONE website (https://faadronezone-access.faa.gov) and social media accounts (https://twitter.com/faadronezone?s=11&t=cfBjKNjO2SqNKs52gpEUNg and https://www.facebook.com/FAADroneZone?mibextid=LQQJ4d);

3. That Defendant be adjudged to have willfully infringed Plaintiff's Trademarks in violation of federal law;

4. For actual damages according to proof at trial;

10
COMPLAINT

Case No.:

PERSONAL-2240/7111787.1

5. For damages for lost profits and goodwill in a sum according to proof at trial pursuant to 15 U.S.C. § 1125;

6. For treble damages for willful infringement pursuant to 15 U.S.C. § 1117(b);

7. For disgorgement of Defendants' profits;

8. For injunctive relief;

9. For attorney's fees for wrongful, willful and deliberate action under 17 U.S.C. § 1051, *et seq.*;

10. For costs of suit incurred herein; and

11. That Defendants, their agents, servants, officers, directors, employees, representatives and each of them, be enjoined during the pendency of this action and permanently thereafter from using the Plaintiff's Trademarks or any confusingly similar mark in any manner, and from the following activities:

    (a) Soliciting and/or providing services bearing Plaintiff's Trademarks; and

    (b) Publishing or distributing advertisements or articles using Plaintiff's Trademarks.

12. For such other and further relief as the Court deems just and proper.

DATED: August 23, 2023

PROCOPIO, CORY, HARGREAVES & SAVITCH LLP

By: s/ Tiffany Salayer
Lisel M. Ferguson
lisel.ferguson@procopio.com
Tiffany Salayer
Tiffany.salayer@procopio.com
Procopio, Cory, Hargreaves and Savitch LLP

11
COMPLAINT

Case No.:

PERSONAL-2240/7111787.1

|   |   |
|---|---|
| 1 | 525 B Street, Suite 2200 |
| 2 | San Diego, CA  92101 |
|   | Telephone: 619.238.1900 |
| 3 | Facsimile: 619.235.0398 |
| 4 |   |
|   | *Attorneys for Plaintiff*, |
| 5 | ERIC HANSCOM |